UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLEN MILLIARD,**

    **Plaintiff,**

v.                                                          CASE NO.:

**HGC PRESTANCIA, LLC d/b/a
TPC PRESTANCIA,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ALLEN MILLIARD ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, HGC PRESTANCIA, LLC d/b/a TPC PRESTANCIA ("Defendant"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages, injunctive relief, and declaratory relief against Defendant for violations of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII," 42 U.S.C. § 2000e *et seq*.), the Florida Civil Rights Act of 1992, as amended, ("FCRA," Fla. Stat. § 760.01 *et seq*.), and for violations of Florida's Private Whistleblower's Act ("FPWA," Fla. Stat. § 448.102 *et seq*.).

2. This Court has subject matter jurisdiction over the Title VII claims under 28 U.S.C. § 1331 and supplemental jurisdiction of the FCRA and FPWA claims under 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in the Middle District.

## PARTIES

4. Plaintiff is a resident of Sarasota County, Florida.

5. Defendant operates a private golf club located in Sarasota, in Sarasota County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII and the FCRA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Fla. Stat. § 448.101(2).

12. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Fla. Stat. § 448.101(3).

## **FACTS**

13. Plaintiff began working for Defendant as a sous chef in or around October 2019, and he worked in this capacity until in or around August 2021.

14. During Plaintiff's tenure with Defendant, Plaintiff performed the duties of his position in a satisfactory manner.

15. On or around July 20, 2021, Plaintiff reported to Defendant's Human Resources Department that Defendant's Executive Chef Joe (last name unknown) was discriminating against another employee, also named Joe (last name unknown), based on his race. Employee Joe, the victim of the discriminatory conduct, is biracial (African American and Caucasian.)

16. Specifically, Plaintiff reported the racial discrimination he witnessed to Defendant after Plaintiff overheard the Executive Chef tell employee Joe to "go make me some ham bone soup and chitlins." The Executive Chef also told employee Joe that he "could referee a fight between a black employee and a white employee since [he] was half black and half white."

17. After Plaintiff made the formal complaint to Defendant, Executive Chef Joe's posture towards Plaintiff changed, and became distant and hostile.

18. Additionally, at all times material hereto, Defendant was subject to the OSH Act, and specifically 29 C.F.R. 1910.141(h) in addition to Fla. Admin. Code Chapter 64E-11 *et seq.*, "Food Hygiene."

19. During the course of his employment with Defendant, Plaintiff complained about unsafe and illegal food handling conditions the Executive Chef Joe created and employed in Defendant's kitchen.

20. Specifically, Plaintiff notified Defendant's General Manager in writing about raw beef that had been sitting out at room temperature for too long in its own blood, which Defendant's Head Chef told Plaintiff that he intended to serve to customers.

21. 29 C.F.R. 1910.141(h) states in relevant part under Food handling, "All employee food service facilities and operations shall be carried out in accordance with sound hygienic principles. In all places of employment where all or part of the food service is provided, the food dispensed shall be wholesome, free from spoilage, and shall be processed, prepared, handled, and stored in such a manner as to be protected against contamination."

22. Defendant had a legal obligation to refrain from committing violations of 29 C.F.R. 1910.141(h) and provide food that was "free from spoilage" and that "shall be processed, prepared, handled and stored in such a manner as to be protected against contamination."

23. Additionally, Fla. Admin. Code Chapter 64E-11.004 § 4(a) and (b), subsections 1-4 entitled "Food Protection" provides in relevant part that: "Frozen potentially hazardous food shall be thawed: (a) In refrigerated units at a temperature not to exceed 41 degrees Fahrenheit; or (b) Under cold potable running water with sufficient water velocity to agitate and float off loosened food

particles into the overflow: 1. For a period of time that does not allow thawed portions of ready-to-eat food to rise above 41°F; or 2. For a period of time that does not allow thawed portions of a raw animal food requiring cooking to be above 41°F for more than 4 hours including the time the food is exposed to the running water and the time needed for preparation for cooking."

24. Defendant had a legal obligation to refrain from committing violations of the Fla. Admin. Code Chapter 64E-11.004 § 4(a) and (b), subsections 1-4.

25. On or around August 9, 2021, Defendant terminated Plaintiff's employment for a pretextual reason.

26. On or around August 9, 2021, Defendant retaliated against Plaintiff for reporting the racial discrimination he witnessed by terminating his employment, in violation of Title VII and the FCRA. Additionally, Defendant terminated Plaintiff's employment because he engaged in protected activity under the FPWA after he complained about Defendant's illegal food handling practices.

## COUNT I-TITLE VII VIOLATION (RETALIATION)

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. Plaintiff was subject to retaliation because he reported discrimination based on another employee's race. After Plaintiff reported that one of Defendant's employees was discriminating against one of Plaintiff's direct

5

reports based on his race, Defendant terminated Plaintiff's employment for a pretextual reason.

29. Defendant's actions were willful and done with malice.

30. Plaintiff was injured due to Defendant's violations of Title VII for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over this case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT II-FCRA VIOLATION (RETALIATION)

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

32. Plaintiff was subject to retaliation because he reported discrimination based on another employee's race. After Plaintiff reported that one of Defendant's employees was discriminating against one of Plaintiff's direct reports based on his race, Defendant terminated Plaintiff's employment for a pretextual reason.

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured due to Defendant's violations of the FCRA for which Plaintiff is entitled to relief.

   ***WHEREFORE,*** Plaintiff demands:

   a) A jury trial on all issues so triable;

   b) That process issue and that this Court take jurisdiction over this case;

   c) An injunction restraining continued violation of the FCRA by Defendant;

   d) Compensation for lost wages, benefits and other remuneration;

   e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

   f) Any other compensatory damages, including emotional distress, allowable at law;

    g) Punitive damages;

    h) Prejudgment interest on all monetary recovery obtained.

    i) All costs and attorney's fees incurred in prosecuting these claims; and

    j) For such further relief as this Court deems just and equitable.

### COUNT III – RETALIATION UNDER THE FPWA

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

36. Plaintiff openly opposed and reported Defendant's violations of the OSH Act, 29 C.F.R. 1910.141(h), and the Fla. Admin. Code, Chapter 64E-11.004 § 4(a) and (b), subsections 1-4, thereby engaging in protected activity under the FPWA.

37. Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating his employment.

38. Plaintiff was injured by Defendant's violations of the FPWA, for which he is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

    d)    Any other compensatory damages allowable at law;

    e)    All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

    f)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 30th day of June, 2023.

Respectfully submitted,

*/s/ Ashwin R. Trehan*
**ASHWIN R. TREHAN**
Florida Bar Number: 42675
Direct Dial: 813-774-3391
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: atrehan@wfclaw.com
Email: aketelsen@wfclaw.com
Attorneys for Plaintiff